# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:23-cr-8 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| STEPHEN RICHARD CROW | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| | ) | |

## ORDER

Defendant Stephen Richard Crow filed a motion to suppress all evidence obtained pursuant to a stop and search of his vehicle. (Doc. 18.) United States Magistrate Judge Susan K. Lee held a hearing and filed a report and recommendation, recommending that the Court deny the motion to suppress. (Doc. 32.) Defendant timely objected (Doc. 33), and the Government responded (Doc. 34). For the following reasons, the Court will **OVERRULE** Defendant's objection (Doc. 33), **ACCEPT** and **ADOPT** the report and recommendation (Doc. 32), and **DENY** Defendant's motion to suppress (Doc. 18).

## I.     BACKGROUND

Defendant has not objected to the basic facts outlined in Magistrate Judge Lee's report and recommendation but objects to certain conclusions drawn from these facts. (*See generally* Doc. 33.)[1] After reviewing the record before the Court and finding the facts to be consistent with Magistrate Judge Lee's report and recommendation, the Court **ADOPTS BY REFERENCE** the

---

[1] Defendant states that "[t]he Court found erroneous facts in the Report and Recommendation" but does not state which facts Magistrate Judge Lee erroneously found. (Doc. 32, at 5.) Rather, Defendant takes issue with Magistrate Judge Lee's finding that information provided by confidential informants was credible. (*See id.* at 5–7.) This is discussed below. *See infra* Section III.a.

facts as set out in the report and recommendation.  (Doc. 32, at 1–10); *see, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013).  Defendant's objection to the report and recommendation (Doc. 33) is now ripe for the Court's review.

## II.    STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(C).  *De novo* review does not, however, require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge.  *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980).  The magistrate judge, as the factfinder, has the opportunity to observe and to hear the witnesses and to assess their demeanor, putting her in the best position to determine credibility.  *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999).  A magistrate judge's assessment of witnesses' testimony is, therefore, entitled to deference.  *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *see also United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived.  *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).  "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Id.*

## III.    ANALYSIS

Defendant's objection to Magistrate Judge Lee's conclusion that probable cause existed falls into three categories:  (1) that Magistrate Judge Lee improperly relied on information provided by confidential informants Hunter Coy and Randall Cooper; (2) that Magistrate Judge Lee mischaracterized the failed transaction as a drug transaction; and (3) that the failed drug-dog alert dispelled probable cause.  (Doc. 33, at 5–10.)

### A.    Informant Reliability

Defendant first argues that Magistrate Judge Lee errored by relying on the information provided by Coy and Cooper.  (*Id.* at 5–7.)  "Probable cause may come from a confidential informant's tip, when sufficiently detailed and corroborated by the independent investigation of law enforcement officers."  *United States v. Stokes*, 742 F. App'x 947, 950 (6th Cir. 2018) (quoting *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998)).  Courts must consider "the totality of the circumstances" in determining the value of an informant's information, including its "veracity," its "reliability," and the "basis of knowledge."  *Id.* at 950–51 (citations omitted).

Magistrate Judge Lee weighed these considerations in determining probable cause existed.  (Doc. 32, at 16–17.)  She found the informant's information reliable because both informants admitted to engaging in illegal activity, law enforcement corroborated much of their information, and the two gave consistent information.  (*Id.*)

Defendant argues that "[s]elf help is the primary motivation among drug dealers like Coy and Cooper" and that the provided information was "untested and uncorroborated."  (Doc. 33, at 6–7.)  He further explains that "no drug transaction was known about by these law enforcement [officers] with Crow before his arrest[,]" "Crow was never seen with drugs or making any

transactions for drugs before the search[,]" and "[t]he phone number used on [the encrypted messaging application] and provided by Cooper required reliance on Cooper that it was associated with the Defendant." (*Id.* at 7.)

These arguments fail. As explained by Magistrate Judge Lee, "[a]dmissions of crime, like admissions against proprietary interest, carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search." (Doc. 32, at 16 (quoting *United States v. Harris*, 403 U.S. 573, 583 (1971).) Regardless of their motivations for doing so, Coy and Cooper incriminated themselves; they provided information that they purchased methamphetamine. (*Id.* at 2–4.) Such incriminating information is sufficient to support a finding of probable cause. *See Harris*, 403 U.S. at 583; *United States v. Hodge*, 714 F.3d 380, 384–85 (6th Cir. 2013) ("Statements from a source named in a warrant application . . . are generally sufficient to establish probable cause without further corroboration because the legal consequences of lying to law enforcement officers tend to ensure reliability.").

Further, although unnecessary to establish probable cause given an admission of crime, law enforcement corroborated much of Coy and Cooper's information. Special Agent Alicia Larkins communicated with Defendant on an encrypted messaging app and arranged to purchase drugs[2] from him. (Doc. 32, at 5–6.) Larkins met Defendant at a specific location at a specific time, and, once she arrived, Defendant instructed her to approach a specific parking spot and a specific vehicle—a vehicle officers had previously confirmed belonged to Defendant. (*Id.* at 6–7.) Defendant was within this vehicle. (*Id.* at 7.) Even if Defendant was never seen physically

---

[2] Defendant argues that no texts confirm Defendant agreed to sell Larkins meth, because the texts only refer to "zips"—which is slang for ounce, not a specific drug. (Doc. 33, at 7.) Given that the two agreed on a price of $200 an ounce and that Larkins testified "being good" meant "having narcotics in his possession," Magistrate Judge Lee reasonably concluded that this was a drug deal. (Doc. 32, at 5–6.)

dealing drugs or with drugs, this is more than enough to confirm Magistrate Judge Lee's finding that probable cause existed. (*See id.* at 14–17.) Accordingly, the Court overrules this portion of the objection.

### B. The Failed Transaction

Defendant next argues that Magistrate Judge Lee erroneously assumed that the aborted transaction was a drug deal. (Doc. 33, at 7–8.) He argues that "there was no evidence to corroborate that the Defendant was using the encrypted messaging app except Coopers [sic] word." (*Id.* at 7.)

This is incorrect; there was corroborating evidence that Larkins met Defendant for a drug transaction. As discussed above, Larkins texted Defendant herself, not second hand through Cooper. (Doc. 32, at 5–7.) Larkins confirmed with Defendant the price per ounce of the drugs[3], the total amount of the drugs, the location of where the two would meet, and, when she arrived, confirmed Defendant was at the meeting location—down to a specific parking spot and vehicle. (*Id.*) Larkins approached the vehicle and recognized Defendant and his vehicle. (*Id.* at 8.) This evidence corroborated that Larkins met Defendant for a drug deal. These arguments also fail because, as discussed above, Magistrate Judge Lee reasonably relied on Cooper's information that the encrypted-messaging-app phone number belonged to Crow and that the informants bought methamphetamine from Crow in the past. *See supra* Section III.A. Therefore, the Court overrules this portion of the objection.

### C. Failed Canine Alert

Lastly, Defendant argues that the failed drug-dog alert dispelled probable cause. (Doc.

---

[3] As discussed in the preceding footnote, Defendant argues there was no evidence that the two were meeting for drugs. (Doc. 32, at 7.) But Magistrate Judge Lee reasonably concluded that the two met to exchange drugs.

33, at 9.) He argues that "[u]sing the totality of circumstances analysis, the failed dog sniff is significant" and "destroys probable cause to search." (*Id.*) But Magistrate Judge Lee discussed the failed drug-dog alert in her totality-of-the-circumstances analysis. (Doc. 32, at 23–24.) Defendant does not argue that Magistrate Judge Lee analyzed probable cause incorrectly; rather, he only argues that Magistrate Judge Lee reached a conclusion he disagrees with. Therefore, the Court overrules this portion of the objection. *See VanDiver*, 304 F. Supp. at 937.

## IV.    CONCLUSION

For the above-stated reasons, Defendant's objection to Magistrate Judge Lee's report and recommendation (Doc. 33) is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 32) and **DENIES** Defendant's motion to suppress (Doc. 18).

Additionally, the following new trial schedule is **ORDERED**:

1.    Plea Bargaining shall be concluded by **September 5, 2023**, and any written agreement shall be executed by said date.

2.    All motions shall be filed no later than **September 5, 2023**.

3.    All requests for jury instructions shall be submitted no later than **September 18, 2023**. The parties shall confer and submit a joint proposal for jury instructions. Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal. All jury instructions in the joint proposal, including agreed instructions and competing instructions, shall be supported by citations of authority. A copy of the proposed jury instructions should be sent in Microsoft Word format to **mcdonough_chambers@tned.uscourts.gov**.

4.    A final pretrial conference shall be held before the United States District Judge at

**3:00 p.m.** on **September 18, 2023**, in Chattanooga, Tennessee.  At or before the final pretrial

conference, all parties shall provide a notebook to the Court with exhibits they expect to offer

during their cases-in-chief.  Each party should also file a written submission advising the Court:

(1) how and by whom each document will be authenticated, and (2) the theory of admissibility

for the document, with appropriate references to the Federal Rules of Evidence.  At the final

pretrial conference, the parties should also be prepared to advise the Court whether they intend to

offer any out-of-court statements as evidence beyond what is reflected in the exhibit notebook

and be prepared to explain why each statement is not barred by the rule against hearsay, the

Confrontation Clause, or any other basis.  The parties should also be prepared to discuss

evidence relating to a crime, wrong, or other act by the defendant, whether that evidence is

admissible under Federal Rule of Evidence 404(b)(2), and whether the Government has given

appropriate notice.  The parties shall also disclose to one another and to the Court the technology

they intend to use in the courtroom during the trial and how they intend to use it (e.g., display

equipment, data storage, retrieval, or presentation devices).  This disclosure shall list:  (1) the

equipment the parties intend to bring into the courtroom to use and (2) the equipment supplied by

the Court the parties intend to use.  Further, the parties shall disclose to one another the content

of their electronic or digital materials by the time of the final pretrial conference and shall

confirm the compatibility/viability of their planned use of technology with the Court's equipment

by the final pretrial conference.  General information regarding equipment supplied by the Court

is available on the Eastern District of Tennessee website (**www.tned.uscourts.gov**).  Specific

questions about Court-supplied equipment should be directed to the courtroom deputy (directory

available on website).

   5.  The trial of this case will be held before the United States District Judge and a

twelve-person jury beginning on **September 25, 2023, at 9:00 a.m.** in Chattanooga, Tennessee. If this case is not heard immediately, it will be held in line until the following day or any time during the week of the scheduled trial date.

   **SO ORDERED**.

                              */s/Travis R. McDonough*
                              **TRAVIS R. MCDONOUGH**
                              **UNITED STATES DISTRICT JUDGE**