UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:23-cr-8 |
| ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| STEPHEN RICHARD CROW ) | Magistrate Judge Susan K. Lee |
| ) | |

**ORDER**

Before the Court is Defendant's motion to continue (Doc. 36). Because the public has an independent interest in obtaining a speedy trial of criminal cases, courts do not have unbridled discretion to continue such cases. The interest of the public is codified in the Speedy Trial Act, 18 U.S.C. §§ 3161–3173. Before granting any motion to continue a trial in a criminal case, the Court must consider the impact granting such a request would have on the time limits set out in the Speedy Trial Act. The Speedy Trial Act authorizes the Court to grant continuances when the Court finds that the ends of justice served by granting the continuance outweigh the interests of the public and of the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).[1]

---

[1] The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

. . .

(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a

Section 3161(h)(7)(A) requires the Court make a finding after carefully considering and balancing multiple factors, including those factors listed in that section. Continuances under the Speedy Trial Act are not lightly granted, and this Court "must set forth the reasoning supporting the determination that the interests served by the grant of the continuance outweigh the defendant's and the public's interest in a speedy trial." *United States v. Crawford*, 982 F.2d 199, 204 (6th Cir. 1993). Pursuant to the Speedy Trial Act, "reasonable time necessary for effective preparation" of defense counsel is excludable so long as counsel is exercising due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

As basis for continuance, Defendant's counsel asserts that the parties are engaged in plea negotiations following denial of Defendant's motion to suppress. (Doc. 36, at 1.) Because the additional time appears to be necessary for effective preparation, the Court **GRANTS** Defendant's motion (Doc. 36). Pursuant to 18 U.S.C. § 3161(h)(7)(A), it is **ORDERED** that all dates currently set in this matter are hereby **CONTINUED**. The following new trial schedule is **ORDERED**:

---

continuation of such proceeding impossible, or result in a miscarriage of justice.
    (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
    (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
    (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    (C) No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

18 U.S.C. §§ 3161(h)(7)(A)-(C).

1. Plea Bargaining shall be concluded by **October 10, 2023**, and any written agreement shall be executed by said date.

2. All motions shall be filed no later than **October 10, 2023**.

3. All requests for jury instructions shall be submitted no later than **October 23, 2023**. The parties shall confer and submit a joint proposal for jury instructions. Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal. All jury instructions in the joint proposal, including agreed instructions and competing instructions, shall be supported by citations of authority. A copy of the proposed jury instructions should be sent in Microsoft Word format to **mcdonough_chambers@tned.uscourts.gov**.

4. A final pretrial conference shall be held before the United States District Judge at **3:00 p.m.** on **October 23, 2023**, in Chattanooga, Tennessee. At or before the final pretrial conference, all parties shall provide a notebook to the Court with exhibits they expect to offer during their cases-in-chief. Each party should also file a written submission advising the Court: (1) how and by whom each document will be authenticated, and (2) the theory of admissibility for the document, with appropriate references to the Federal Rules of Evidence. At the final pretrial conference, the parties should also be prepared to advise the Court whether they intend to offer any out-of-court statements as evidence beyond what is reflected in the exhibit notebook and be prepared to explain why each statement is not barred by the rule against hearsay, the Confrontation Clause, or any other basis. The parties should also be prepared to discuss evidence relating to a crime, wrong, or other act by the defendant, whether that evidence is admissible under Federal Rule of Evidence 404(b)(2), and whether the Government has given

3

Case 1:23-cr-00008-TRM-SKL   Document 37   Filed 09/06/23   Page 3 of 4   PageID #: 564

appropriate notice.  The parties shall also disclose to one another and to the Court the technology they intend to use in the courtroom during the trial and how they intend to use it (e.g., display equipment, data storage, retrieval, or presentation devices).  This disclosure shall list:  (1) the equipment the parties intend to bring into the courtroom to use and (2) the equipment supplied by the Court the parties intend to use.  Further, the parties shall disclose to one another the content of their electronic or digital materials by the time of the final pretrial conference and shall confirm the compatibility/viability of their planned use of technology with the Court's equipment by the final pretrial conference.  General information regarding equipment supplied by the Court is available on the Eastern District of Tennessee website (**www.tned.uscourts.gov**).  Specific questions about Court-supplied equipment should be directed to the courtroom deputy (directory available on website).

      5.      The trial of this case will be held before the United States District Judge and a twelve-person jury beginning on **October 30, 2023, at 9:00 a.m.** in Chattanooga, Tennessee.  If this case is not heard immediately, it will be held in line until the following day or any time during the week of the scheduled trial date.

**SO ORDERED.**

                                      /s/ *Travis R. McDonough*
                                      **TRAVIS R. MCDONOUGH**
                                      **UNITED STATES DISTRICT JUDGE**