UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:23-cr-34 |
| v. ) | |
| ) | Judge Collier |
| HUNTER ROBERT COY ) | |
| ) | |

**DEFENDANT HUNTER COY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A DOWNWARD VARIANCE AND GENERAL SENTENCING MEMORANDUM**

Pursuant to 18 U.S.C. §3553(a) and (b), Defendant Hunter Coy, by and through counsel, files the following memorandum of law in support of his currently filed motion for variance from his advisory guidelines. In addition, Defendant requests a mental health evaluation and drug treatment while in the custody of the Bureau of Prisons.

Defendant pled guilty to Count 2 of the Indictment which charged him with Possession with Intent to Distribute 5 Grams or More of Methamphetamine (Actual), a Schedule II Controlled Substance, on or about October 11, 2022, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). The minimum sentence for this offense is five (5) years. (PSR, ¶71).

Probation calculated Defendant's total offense level to be 33 with a criminal history category of III – thus resulting in an advisory guideline of 168-210 months. (PSR, ¶72). Previously, Defendant filed a Notice of Objections arguing that Probation overstated his total offense level by two (2) levels as a result of erroneously considering all relevant methamphetamine to be *actual* methamphetamine. (See, R. 28). Should the Court grant Defendant's objections – his new Offense Level would be 31 and his guideline range 135-168 months.

1

*Downward Variance*

Defendant requests that the Court consider ¶92 of the PSR in relation to a downward variance which is reproduced below.

> During the last five fiscal years (FY2018-2022), there were 248 defendants whose primary guideline was §2D1.1 and Methamphetamine (actual)/"Ice" was the primary drug type, with a Final Offense Level of 33 and a Criminal History Category of III, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 246 defendants (99%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 136 month(s) and the median length of imprisonment imposed was 138 month(s). For all 248 defendants in the cell, the average sentence imposed was 135 month(s) and the median sentence imposed was 138 month(s).

In the event, the Court grants Defendant's objections to the PSR and finds on Offense Level of 31 instead of 33, Defendant requests the Court to consider the following as to average and median prison sentences:

> During the last five fiscal years (FY2018-2022), there were 369 defendants whose primary guideline was §2D1.1 and Methamphetamine (actual)/"Ice" was the primary drug type, with a Final Offense Level of 31 and a Criminal History Category of III, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 367 defendants (99%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 115 month(s) and the median length of imprisonment imposed was 120 month(s). For all 369 defendants in the cell, the average sentence imposed was 115 month(s) and the median sentence imposed was 120 month(s).

While Defendant readily acknowledges that said statistics do not independently amend or vary the advisory guidelines, Defendant argues that these statistics indicate that an advisory guideline of 168-210 (Offense Level 33) and 135-168 (Offense Level 31) are typically greater than necessary to accomplish the purposes of 18 U.S.C. §3553(a) and (b) – as they are in this case. In addition to the above, Defenant Coy states that he has been continuously employed throughout his life. (PSR, ¶69). The manager of FXI-Chattanooga-Foam, a former employer, has taken the time to write a letter of support describing Coy as "responsible," quick to learn, and doing good work

for the company. Also, from approximately 2022 until his arrest in 2023, Coy was employed with Lookout Roofing and Construction in Chattanooga, Tennessee as a lead supervisor – a job with considerable responsibility. Coy plans to return to this job following his release from custody. (See, PSR, ¶66). His girlfriend of two years and his aunt have also praised his generosity and the vital role he plays in their lives. Defendant Coy is fortunate to have so many people in his life who will help to reintegrate him into civil society upon his release and make recidivism less likely.

*Drug and Mental Health Treatment*

Defenant requests that he receive drug treatment during his incarceration and that he also be evaluated for *possible* mental health treatment.

## CONCLUSION

Defendant Coy respectfully requests this Court to grant his motion and set his sentence at the average of similarly-situated defendants as described above. In addition, he requests drug treatment and a mental health evaluation to determine whether mental health treatment might be appropriate.

Respectfully submitted,

By: s/*C. Eugene Shiles, Jr.*
C. Eugene Shiles, Jr. (BPR 011678)
Attorney for Defendant
572 Hamilton Ave.
Chattanooga, Tennessee 37405
Telephone #: (423) 834-3089

3

Case 1:23-cr-00034-CLC-SKL   Document 31   Filed 02/06/24   Page 3 of 4   PageID #: 252

## CERTIFICATE OF SERVICE

      I hereby certify that on February 6, 2024, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

By: s/*C. Eugene Shiles, Jr.*
C. Eugene Shiles, Jr. (BPR 011678)
Attorney for Defendant
572 Hamilton Ave.
Chattanooga, Tennessee 37405
Telephone #: (423) 834-3089
